# **EXHIBIT 1**

| Circuit Court of Hamilton County | **STATE OF TENNESSEE** | Case Number |
|---|---|---|
| | **CIVIL SUMMONS** | 22C1271 |
| | page 1 of 1 | |

**Gina G. Dove** Vs. **BlueCross BlueShield of Tennessee**

Served On:

**BlueCross BlueShield** c/o Registered Agent Anne Hance, 1 Cameron Hill Circle, Chattanooga, TN 37402

You are hereby summoned to defend a civil action filed against you in Circuit Court, Hamilton County, Tennessee. Your defense must be made within thirty (30) days from the date this summons is served upon you. You are directed to file your defense with the clerk of the court and send a copy to the plaintiff's attorney at the address listed below. If you fail to defend this action by the below date, judgment by default may be rendered against you for the relief sought in the complaint.

Issued: 12/14/22

_DSanth DC_
Clerk / Deputy Clerk

Attorney for Plaintiff: Stephen Duggins, 8052 Standifer Gap Rd., Ste. B, Chattanooga, TN 37421    BPR #13222

**NOTICE OF PERSONAL PROPERTY EXEMPTION**

TO THE DEFENDANT(S): Tennessee law provides a ten thousand dollar ($10,000) personal property exemption as well as a homestead exemption from execution or seizure to satisfy a judgment. The amount of the homestead exemption depends upon your age and the other factors which are listed in TCA § 26-2-301. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the clerk of the court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed; these include items of necessary wearing apparel (clothing) for your self and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer. Please state file number on list.

Mail list to _____, _____ Clerk, _____ County

**CERTIFICATION (IF APPLICABLE)**

I, _____, _____ Clerk of _____ County do certify this to be a true and correct copy of the original summons issued in this case.

Date: _____    _____
Clerk / Deputy Clerk

**OFFICER'S RETURN:** Please execute this summons and make your return within ninety (90) days of issuance as provided by law.

I certify that I have served this summons together with the complaint as follows: _____

Date: _____    By: _____
Please Print: Officer, Title

Agency Address    Signature

**RETURN ON SERVICE OF SUMMONS BY MAIL:** I hereby certify and return that on _____, I sent postage prepaid, by registered return receipt mail or certified return receipt mail, a certified copy of the summons and a copy of the complaint in the above styled case, to the defendant _____. On _____ I received the return receipt, which had been signed by _____ on _____. The return receipt is attached to this original summons to be filed by the Court Clerk.

Date: _____    _____
Notary Public / Deputy Clerk (Comm. Expires _____ )

Signature of Plaintiff    Plaintiff's Attorney (or Person Authorized to Serve Process)
(Attach return receipt on back)

ADA: If you need assistance or accommodations because of a disability please call Coordinator.

**IN THE CIRCUIT COURT FOR HAMILTON COUNTY, TENNESSEE
AT CHATTANOOGA**

| | |
|---|---|
| GINA G. DOVE, | ) |
| Plaintiff, | ) Civil Action No. 22C1271 |
| | ) |
| v. | ) Div. ____ |
| | ) |
| BLUECROSS BLUESHIELD | ) |
| of TENNESSEE, INC., | ) JURY DEMANDED |
| | ) |
| Defendant. | ) |

**COMPLAINT**

Plaintiff Gina G. Dove ("Ms. Dove") states the following as her complaint against Defendant BlueCross BlueShield of Tennessee ("BlueCross") for unlawful religious discrimination and religious hostility in the workplace which culminated in unlawful and wrongful termination. The unlawful religious discrimination, hostility, and wrongful termination violated Title VII of the Civil Rights Act of 1964 as amended ("Title VII"), 42 U.S.C. § 2000e, *et seq.*, and the Tennessee Human Rights Act, Tenn. Code Ann. § 4-21-101, *et seq.*

**PARTIES, JURISDICTION, AND VENUE**

1. Ms. Dove is an individual and resident of Walker County, Georgia.

2. BlueCross is a Tennessee corporation with its principal place of business in Hamilton County, Tennessee.

3. BlueCross is also an "employer" as defined by Title VII, 42 U.S.C. § 2000e(b), and the Tennessee Human Rights Act, Tenn. Code Ann. § 4-21-102(5).

4. Ms. Dove is asserting claims against BlueCross under the Tennessee Human Rights Act. Accordingly, this Court has subject matter jurisdiction over this case.

1

5. This Court has personal jurisdiction over the defendant BlueCross because its principal office is located in Hamilton County, Tennessee and because this case arises out of BlueCross's action in Hamilton County, Tennessee.

6. This Court is a proper venue for this action because BlueCross is located in Hamilton County, Tennessee and because this case arises out of actions by BlueCross in Hamilton County, Tennessee.

## FACTUAL BACKGROUND

7. BlueCross is a large corporation engaged in providing health insurance to residents of Tennessee.

8. BlueCross has multiple offices across the state of Tennessee, but its headquarters are located in Chattanooga, Hamilton County, Tennessee.

9. BlueCross employs more than 6,500 employees.

10. BlueCross had revenues of more than nine billion dollars ($9,000,000,000) in 2021.

11. BlueCross had a net income of more than five hundred twenty million dollars ($520,000,000) in 2021.

12. Ms. Dove was initially hired by BlueCross for the position of Emergency Service Management Care Coordinator in March of 2013.

13. Ms. Dove was later assigned to the position of Nurse Case Manager and remained in that position until the time of her termination in 2021.

14. Ms. Dove worked at BlueCross' headquarters office in Chattanooga, Tennessee for approximately a year.

15. On August 11, 2021, BlueCross instituted a policy (the "Mandate") requiring all public-facing employees at BlueCross to get the Covid-19 vaccine (the "Vaccine") at a point in the future.

16. Ms. Dove was not a public-facing employee as she worked extensively from home, even prior to changes implemented due to Covid-19.

17. On or about August 27, 2021, BlueCross notified Ms. Dove that she would be required to get the Vaccine by October 4, 2021.

18. At the time she received the notice that BlueCross was requiring her to get the Vaccine, Ms. Dove had a sincerely held religious belief that it would be morally wrong and against God's will for Ms. Dove to get the Vaccine.

19. Ms. Dove continues to sincerely hold that religious belief to this day.

20. The notification that Ms. Dove received from BlueCross referenced the possibility of the employee requesting a religious accommodation.

21. In response to the notification, Ms. Dove requested an accommodation for her religious beliefs and submitted a detailed written explanation of her religious beliefs and how getting the Vaccine would violate those beliefs.

22. BlueCross would not have been unduly burdened by Ms. Dove's request for accommodation because Ms. Dove was not a public-facing employee.

23. Even if Ms. Dove were considered a public-facing employee, BlueCross was still obligated to reasonably accommodate Ms. Dove's religious beliefs.

24. Even if Ms. Dove were considered a public-facing employee, BlueCross would not have been unduly burdened by providing Ms. Dove with reasonable accommodation.

25. The occasions on which Ms. Dove might meet a member of the public in her capacity as a BlueCross employee were extremely rare, and it would not have imposed an undue burden on BlueCross for alternative arrangements to be made in those situations.

26. Despite Ms. Dove's detailed written explanation and requested accommodation, BlueCross responded to Ms. Dove by claiming that it did not have sufficient information to evaluate and determine fully her eligibility for religious accommodation.

27. BlueCross did, in fact, have sufficient information to evaluate Ms. Dove's religious accommodation proposal.

28. BlueCross routinely told employees who requested a religious accommodation relating to the Mandate that they did not have sufficient information to evaluate or determine fully their eligibility for religious accommodations.

29. The statement that BlueCross did not have sufficient information was merely pretext for stalling and ultimately denying Ms. Dove's request for accommodation.

30. BlueCross had a policy or practice of responding to religious accommodation requests in the same way that it responded to Ms. Dove's request.

31. Upon information and belief, BlueCross initially responded to every single Mandate-related religious accommodation request by stating that it did not have sufficient information to make a decision.

32. Upon information and belief, whenever an employee followed up with BlueCross after being told that BlueCross did not have sufficient information, BlueCross advised that it did not need more information.

4

33. Upon information and belief, BlueCross never attempted to gather additional information from an employee about his or her religious accommodation request (relating to the Mandate) after advising the employee that it did not have sufficient information.

34. BlueCross' response to Ms. Dove about insufficient information was an obfuscation tactic designed to cover for BlueCross's intention to deny Ms. Dove's religious accommodation request no matter what.

35. Similarly, BlueCross's response to other religious accommodation-seeking employees was an obfuscation tactic designed to cover for BlueCross's intention to deny all of those employees' requests for religious accommodation relating to the Mandate.

36. Upon information and belief, BlueCross denied every single employee's request for a religious accommodation relating to the Vaccine Mandate.

37. BlueCross did, however, acknowledge that Ms. Dove's religious beliefs and religious objections to the Vaccine were sincerely held.

38. BlueCross's response to Ms. Dove also included something they called an "accommodation."

39. BlueCross's purported "accommodation" was to allow Ms. Dove an additional 30 days to get the Vaccine.

40. BlueCross's purported "accommodation" still would have forced Ms. Dove to violate her religious beliefs because it still required her to get the Vaccine.

41. BlueCross's purported "accommodation" was not really an accommodation at all, but rather, just an extension of the inevitable.

42. BlueCross's offer to delay the Vaccine requirement for thirty days merely postponed the point at which BlueCross would require Ms. Dove to violate her beliefs.

5

43. BlueCross's purported "accommodation" was a mere façade attempting to cover its religious discrimination against Ms. Dove.

44. BlueCross ignored Ms. Dove's request for any real religious accommodation.

45. Following her religious beliefs, Ms. Dove refused to get the Vaccine.

46. BlueCross was not interested in any accommodation that would allow Ms. Dove to avoid violating her religious beliefs.

47. Ms. Dove had been working remotely at home for an extended time, and BlueCross could have allowed Ms. Dove to continue doing so without any undue burden, but BlueCross refused to provide Ms. Dove with that reasonable accommodation.

48. The accommodation that Ms. Dove proposed would not have created any undue burden on BlueCross because Ms. Dove had extremely rare access to or interaction with customers or clients of BlueCross.

49. BlueCross failed to discuss any reasonable accommodation.

50. Furthermore, even if Ms. Dove were a public-facing employee, her refusal to take the Vaccine would not have created an undue burden for BlueCross because, as the CDC has stated numerous times, the Vaccine does not protect against transmission of Covid-19.

51. On or about November 4, 2021, BlueCross terminated Ms. Dove for failure to take the Vaccine.

52. Ms. Dove's termination resulted from BlueCross's intentional discrimination against Ms. Dove based upon her religious beliefs.

53. Ms. Dove's termination resulted from BlueCross's refusal to provide any reasonable accommodation for Ms. Dove's religious beliefs.

54. Soon after Ms. Dove's termination, BlueCross announced a policy that allowed virtually all employees to work remotely.

55. After being terminated, Ms. Dove filed a charge of discrimination with the EEOC.

56. Ms. Dove subsequently received a right to sue letter from the EEOC.

57. Ms. Dove brings this lawsuit within 90 days from the date of the right to sue letter.

## COUNT I—VIOLATION OF TITLE VII

58. All preceding allegations are adopted and incorporated by reference as if fully re-instated herein.

59. Under 42 U.S.C. § 2000e et. seq., it is unlawful to discriminate against an employee on account of the employee's religious affiliation or religious beliefs.

60. Attempting to coerce an employee to change her religious beliefs as a condition of employment constitutes unlawful discrimination in violation of Title VII.

61. Under 42 U.S.C. § 2000e et. seq., an employer is required to provide reasonable accommodation of employees' religious beliefs.

62. Automatically denying a request for reasonable accommodation of the employee's religious beliefs constitutes discrimination on the basis of religious affiliation or beliefs.

63. Offering a bad-faith, illusory religious "accommodation" constitutes discrimination on the basis of religious affiliation or beliefs.

64. Termination of an employee for the employee's religious beliefs is discrimination on the basis of religious affiliation or beliefs.

7

Case 1:23-cv-00024-TAV-CHS   Document 1-1   Filed 01/27/23   Page 9 of 14
PageID #: 12

65. BlueCross attempted to coerce Ms. Dove to change or violate her religious beliefs as a condition of employment.

66. BlueCross automatically denied Ms. Dove's request for reasonable religious accommodation.

67. BlueCross automatically denied Ms. Dove's request for reasonable religious accommodation as part of a broader policy or practice of denying all requests for religious accommodation relating to the Vaccine Mandate.

68. BlueCross offered a bad-faith, illusory religious "accommodation."

69. BlueCross terminated Ms. Dove because of her religious beliefs.

70. BlueCross failed to provide Ms. Dove with reasonable accommodation for her religious beliefs.

71. BlueCross did not make any good faith effort to provide reasonable accommodation for Ms. Dove's religious beliefs.

72. BlueCross demonstrated overt hostility to Ms. Dove's religious beliefs.

73. Allowing Ms. Dove to continue working at BlueCross without being vaccinated would not have created an undue burden on BlueCross.

74. BlueCross' actions against Ms. Dove constituted unlawful employment discrimination in violation of Title VII.

75. Ms. Dove's termination based upon religious beliefs constituted unlawful employment discrimination in violation of Title VII.

76. Ms. Dove has suffered and continues to suffer lost wages, compensation, and other financial benefits as a proximate result of BlueCross's wrongful acts.

77. Ms. Dove has suffered and continues to suffer mental and emotional distress, anguish and grief as a proximate result of BlueCross's wrongful acts.

78. BlueCross is liable to Ms. Dove for the damages Ms. Dove has sustained and is continuing to sustain as a result of BlueCross' wrongful acts.

79. BlueCross is also liable to Ms. Dove for her lost wages and other financial compensation and benefits.

80. BlueCross is also liable to Ms. Dove for punitive damages.

81. BlueCross is also liable to Ms. Dove for Ms. Dove's reasonable attorney fees and litigation expenses.

## COUNT II—VIOLATION OF THRA

82. All preceding allegations are adopted and incorporated by reference as if fully restated herein.

83. Under the Tennessee Human Rights Act, Tenn. Code Ann. § 4-21-301 et. seq. it is unlawful in Tennessee to discriminate against an employee on account of the employee's religious affiliation or beliefs.

84. Attempting to coerce an employee to change her religious beliefs as a condition of employment constitutes unlawful religious discrimination under the Tennessee Human Rights Act.

85. Pursuant to the Tennessee Human Rights Act, an employer is required to provide reasonable accommodation of employees' religious beliefs.

86. Automatically denying a request for reasonable accommodation of the employee's religious beliefs constitutes discrimination on the basis of religious affiliation or beliefs in violation of the Tennessee Human Rights Act.

87. Offering a bad-faith, illusory religious "accommodation" constitutes discrimination on the basis of religious affiliation or beliefs in violation of the Tennessee Human Rights Act.

88. Termination of an employee for the employee's religious beliefs is discrimination on the basis of religious affiliation or beliefs in violation of the Tennessee Human Rights Act.

89. BlueCross attempted to coerce Ms. Dove to change or violate her religious beliefs as a condition of employment.

90. BlueCross automatically denied Ms. Dove's request for reasonable religious accommodation.

91. BlueCross automatically denied Ms. Dove's request for reasonable religious accommodation as part of a broader policy or practice of denying all requests for religious accommodation relating to the Vaccine Mandate.

92. BlueCross offered a bad-faith, illusory religious "accommodation" to Ms. Dove.

93. BlueCross terminated Ms. Dove because of her religious beliefs.

94. BlueCross failed to provide Ms. Dove with reasonable accommodation for her religious beliefs.

95. BlueCross did not make any good faith effort to provide reasonable accommodation for Ms. Dove's religious beliefs.

96. BlueCross demonstrated overt hostility to Ms. Dove's religious beliefs.

97. Allowing Ms. Dove to continue working at BlueCross without being vaccinated would not have created an undue burden on BlueCross.

98. BlueCross' actions against Ms. Dove constituted unlawful employment discrimination in violation of the Tennessee Human Rights Act.

99. Ms. Dove's termination based upon religious beliefs constituted unlawful employment discrimination in violation of the Tennessee Human Rights Act.

100. Ms. Dove has suffered and continues to suffer lost wages, compensation, and other financial benefits as a proximate result of BlueCross's wrongful acts.

101. Ms. Dove has suffered and continues to suffer mental and emotional distress, anguish and grief as a proximate result of BlueCross's wrongful acts.

102. BlueCross is liable to Ms. Dove for the damages Ms. Dove has sustained and is continuing to sustain as a result of BlueCross' wrongful acts.

103. BlueCross is also liable to Ms. Dove for her lost wages and other financial compensation and benefits.

104. BlueCross is also liable to Ms. Dove for punitive damages.

105. BlueCross is also liable to Ms. Dove for Ms. Dove's reasonable attorney fees and litigation expenses.

WHEREFORE, Plaintiff Gina G. Dove prays as follows:

A. That process issue and that the Defendant be required to answer this complaint within the time provided by the law;

B. That a jury be empaneled to try this cause;

C. That Plaintiff be awarded compensatory damages in an amount to be proven at trial, which are continuing to accrue, which cannot be fully determined at the time of the filing of this complaint, which include lost wages or income, which include other past

and future financial benefits, and which also include damages for mental and emotional distress, anguish, and grief;

D. That Plaintiff be awarded punitive damages;

E. That Plaintiff be awarded prejudgment and post-judgment interest;

F. That Plaintiff be awarded her reasonable attorney fees and litigation expenses;

G. That all costs be taxed to the Defendant; and

H. That this Court provide Plaintiff with such other legal equitable relief as the Court deems appropriate.

This the 14th day of December, 2022.

Respectfully Submitted,

DUGGINS LAW GROUP, PLLC

By: _____
(Stephen S. Duggins, #13222)
8052 Standifer Gap Road, Suite B
Chattanooga, TN 37421
423/635-7113 (o)
423/635-7114 (f)
steve@dugginslawgroup.com